872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sahid MOHAMMED, Petitioner-Appellant,
v.
Ralph PACKARD, Warden, Respondent-Appellee.
 No. 88-7707.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1989.
Decided March 24, 1989.
 
 Sahid Mohammed, appellant pro se.
 Patricia DuVall Storch, Office of the Attorney General, for appellee.
 Before WIDENER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sahid Mohammed appeals an order of the district court refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. We previously affirmed the district court's judgment as to three claims raised by Mohammed but remanded for a review of state court records with respect to three others. We now affirm the district court's denial of relief on the remaining claims.
 
 
 2
 Mohammed pled guilty to rape and received a sentence of ten years under a plea agreement after molesting his fifteen year-old daughter. Mohammed himself had called the police and reported that "a father" was molesting his daughters. Although Mohammed never thereafter admitted guilt, the girl's story to police and the physical evidence collected during the investigation indicated that Mohammed had raped her.
 
 
 3
 The statements made by Mohammed at his guilty plea hearing are conclusive evidence of his guilt unless he can show a compelling reason why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981).
 
 
 4
 In the claims at issue here, Mohammed asserts that (a) his guilty plea was involuntary because he made it in reliance on a false promise that, as an illegal alien, he would be deported home to Trinidad soon after being sentenced, (b) his right to a jury trial was not waived because his guilty plea was obtained by trickery, and (3) he received ineffective assistance of counsel in connection with his plea.
 
 
 5
 These claims were also raised in a hearing during state post-conviction proceedings at which both Mohammed and his attorney testified. Following the hearing, the state court judge found that no improper inducement to plead guilty had been made to Mohammed. He also found that the attorney had attempted to suppress damaging evidence at a suppression hearing, had explored the possibility of an insanity defense, filed other appropriate pretrial motions, procured a plea bargain advantageous to Mohammed and, with the exception of bringing in character witnesses, left nothing undone in representing him.
 
 
 6
 The factual findings of the state court must be presumed correct as they are supported by the record and Mohammed has not presented any other evidence to overcome the presumption. 28 U.S.C. Sec. 2254(d); Townsend v. Sain, 372 U.S. 293 (1963).
 
 
 7
 Although state court findings of fact in a habeas proceeding are entitled to a presumption of correctness, attorney effectiveness is a mixed question of law and fact and subject to federal review. Strickland v. Washington, 466 U.S. 668, 698 (1984). The state court's conclusion that Mohammed's attorney rendered effective assistance is not binding on this Court. Id.
 
 
 8
 Under Hill v. Lockhart, 474 U.S. 52, 58 (1985), the test for determining attorney effectiveness in the context of a guilty plea is the two-part test set out in Strickland. First, the defendant must show that the attorney's representation fell below an objective standard of reasonableness. 466 U.S. at 689-90. Second, the defendant must show a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694.
 
 
 9
 The voluntariness of Mohammed's plea thus depends, finally, on whether his attorney's advice was within the range of competence demanded of attorneys in criminal cases. Taking as true the facts determined in the state court proceeding, the performance of Mohammed's attorney was not unreasonable. The district court, therefore, correctly denied relief on all three of Mohammed's remaining claims.
 
 
 10
 In a motion to enjoin, Mohammed seeks further review of two issues which have already been considered by this Court. The motion is, therefore, denied. The materials submitted with his second motion to enjoin have been considered with the rest of the record.
 
 
 11
 Accordingly, we affirm the judgment of the district court. We deny the motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.